■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS MYSHOLOWSKY and JOHN SADOWY, Appellants.— Appeal by defendants from an order of the County Court, Queens County, dated February 6, 1961, denying, without a hearing, their *coram nobis* application to vacate a judgment of said court dated June 22, 1954, convicting them, after a jury trial, of robbery in the first degree, grand larceny in the first degree and two counts of assault in the second degree, and sentencing them, as second felony offenders, to serve a term of 15 to 30 years on the robbery count and lesser concurrent sentences on the other counts. Order affirmed. The allegation of conspiracy between the District Attorney and the police officers to give perjured testimony in order to prevent the admission into evidence of a certain paper is conclusory and without factual evidence to support it. A hearing is not required under such circumstances (*People* v. *Fanning*, 300 N. Y. 593; *People* v. *Greenfield*, 301 N. Y. 724; *People* v. *Altruda*, 5 N Y 2d 970; *People* v. *Neeley*, 4 A D 2d 1019; *People* v. *Wurzler*, 280 App. Div. 1020). A denial of a hearing on a petition which is insubstantial does not deny due process (*Hysler* v. *Florida*, 315 U. S. 411). The alleged error in the refusal to admit the paper in evidence was urged on the appeal from the judgments of conviction and was found not to have prejudiced defendants' rights (*People* v. *Mysholowsky*, 1 A D 2d 1036, cert. denied 352 U. S. 932, 933.) Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ TERESE STAMPLER, Respondent, v. DANIEL B. STAMPLER, Appellant. (Action No. 1.) TERESE STAMPLER, Respondent, v. DANIEL B. STAMPLER, Appellant. (Action No. 2.) — In Action No. 1 for a judgment declaring that the plaintiff is the lawful wife of the defendant, and that a Mexican divorce decree, obtained by defendant against plaintiff, is invalid, the defendant appeals from an order of the Supreme Court, Nassau County, dated September 27, 1960, granting plaintiff's motion for counsel fees. In Action No. 2 by the wife for a judicial separation, the defendant appeals from an order of the Supreme Court, Nassau County, dated January 4, 1961, granting plaintiff's motion for temporary alimony and counsel fees. Orders affirmed, with one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.